**David G. LENHART, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner of Social Security, Defendant—Appellee.**

No. 05–36206.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 15, 2007.

Filed Oct. 25, 2007.

---

** The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

D. James Tree, Esq., Yakima, WA, for Plaintiff–Appellant.

Pamela J. Derusha, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, Joanne E. Dantonio, Esq., Joanne E. Dantonio, Esq., SSA—Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: B. FLETCHER, BEAM [**], and RYMER, Circuit Judges.

## MEMORANDUM [***]

David Lenhart appeals the district court's judgment affirming the decision of the Commissioner of the Social Security Administration that he was not disabled within the meaning of the Social Security Act and thus not entitled to disability insurance.[1] We affirm.

■ This appeal turns in large part on an adverse credibility finding. "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir.1997) (citations omitted). Here, the Administrative Law Judge

---

[**] The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. On remand from a prior appeal, the ALJ removed the "sit and squirm" test from consideration, as he was obliged to do. He held another hearing at which Lenhart, and a vocational expert, appeared and testified. While he incorporated the prior decision's summary and discussion of evidence, the ALJ's conclusion on remand was based on all of the evidence.

(ALJ) noted that Lenhart's claims were inconsistent with the physical appearance notations of Drs. Gamber, Cox, McLaughlin, and Seaman; that Lenhart's carpal tunnel surgery was generally successful in relieving his symptoms; and that his treating physician had cleared him for work. It was not unreasonable to find that Lenhart exaggerated his symptoms and inability to work in light of evidence that Lenhart only used over-the-counter medication, *see Parra v. Astrue,* 481 F.3d 742, 750–51 (9th Cir.2007), had applied for a job and collected unemployment benefits, and was a full-time college student. *See Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir.2005).

■ Lenhart claims that the ALJ erroneously rejected the opinions of Drs. Yost, McFarland, and Reinmuth on his back impairments, but the ALJ gave clear and convincing reasons, supported by substantial evidence, for doing so. *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005) (stating standard). Dr. Yost does not specify what she saw in Lenhart's MRI or physical examination that would indicate a prolonged sit/stand limitation, nor does the record show that she instructed Lenhart to avoid prolonged sitting/standing in his daily life. As her recommended limitation does not appear to be grounded in objective medical findings, the ALJ could reasonably conclude that it was based on Lenhart's self-reported symptoms and, therefore, entitled to no weight. *See, e.g., Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 600 (9th Cir.1999) (noting that a physician's opinion premised upon the claimant's own accounts may be disregarded where the complaints are properly discounted). While the ALJ did not specifically explain why he also rejected Dr. McFarland's opinion, Dr. McFarland's recommended limitation was identical to Dr. Yost's and it is evident that the ALJ rejected Dr. McFarland's sit/stand limitation for the same reasons. *See Magallanes v. Bowen,* 881 F.2d 747, 755 (9th Cir.1989) (holding that it is proper for this court to read that part of the ALJ's decision discussing one physician's findings and opinion, and draw inferences relevant to another's findings and opinions). Finally, although the 2003 MRI supported Dr. Reinmuth's diagnosis, the ALJ was not required to adopt Dr. Reinmuth's findings as to how disabling Lenhart's lumbar stenosis and degenerative disc disease were because Dr. Reinmuth's part-time work limitation was unsupported by recent medical findings and undermined by Lenhart's current activities.

■ Lenhart's similar challenge to the ALJ's conclusions on his hand/wrist impairments fails because the ALJ ultimately disbelieved Lenhart's testimony concerning the extent to which his claimed wrist condition actually constituted a limitation. This conclusion, in turn, is supported by Dr. McFarland's independent clinical findings that Lenhart had no serious wrist limitation. Accordingly, the ALJ could reject the opinions of Drs. Schenkar, McLaughlin and Adkison, who found impairments in Lenhart's upper extremities.

■ It follows that the ALJ did not err in posing a hypothetical to the vocational expert that did not include all of Lenhart's claimed limitations. As we conclude that the ALJ reasonably rejected Lenhart's sit/stand and wrist limitations, all claimed limitations supported by substantial evidence were incorporated. *See Osenbrock v. Apfel,* 240 F.3d 1157, 1163–64 (9th Cir.2001) (noting that the hypothetical must be based on medical assumptions that are supported by substantial evidence reflecting each limitation).

AFFIRMED.