**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CATHLEEN PARRA,
          *Plaintiff-Appellant,*

          v.

MICHAEL J. ASTRUE,*
Commissioner of the Social
Security Administration,
          *Defendant-Appellee.*

No. 04-57046

D.C. No.
CV-04-03604-CT

OPINION

Appeal from the United States District Court
for the Central District of California
Carolyn Turchin, Magistrate Judge, Presiding

Submitted February 5, 2007**
Pasadena, California

Filed March 23, 2007

Before: Cynthia Holcomb Hall, Diarmuid F. O'Scannlain,
and Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Hall

---

*Michael J. Astrue, Commissioner of the Social Security Administration, is substituted for his predecessor. Fed. R. App. P. 43(c)(2).

**This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**COUNSEL**

Andrew Koenig, Ventura, California, for the appellant.

Liz Noteware, Assistant Regional Counsel, Social Security Administration, San Francisco, California, for the appellee.

**OPINION**

HALL, Senior Circuit Judge:

In 1996, Congress amended the Social Security Act to preclude an award of disability benefits if drug or alcohol abuse is "a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). In this appeal, we confront an issue explicitly left open by our prior opinions, namely which party bears the burden of proof on this substance abuse issue. Consistent with other circuits that have considered this question, we hold that when evidence exists of a claimant's drug or alcohol abuse, the claimant bears the burden of proving that his substance abuse is not a material contributing factor to his disability. Because this claimant failed to carry that burden, we affirm the Commissioner's denial of benefits.

## I.  Background

On April 15, 1994, Joseph Parra ("Parra") applied for Disability and Supplemental Security Income benefits under Titles II and XVI of the Social Security Act. Parra alleged disability since November 1, 1992 due to alcoholism and bursitis. Following a hearing, an Administrative Law Judge ("ALJ") denied Parra's application. The ALJ found that Parra's testimony regarding his physical ailments was neither credible nor medically supported. He also found that 42 U.S.C. § 423(d)(2)(C) barred Parra from receiving benefits because Parra's alcoholism was a material contributing factor to his disability. Parra appealed this decision to the district court, which remanded the case to the ALJ under 42 U.S.C. § 405(g) with instructions to consider a medical examination performed upon Parra following the ALJ's decision.

Parra died on September 8, 2000 from cardiovascular collapse, hepatorenal syndrome, hepatocellular carcinoma, and liver cirrhosis. Parra's daughter, Cathleen, was substituted as

plaintiff and testified at a hearing the following month. Subsequently, the ALJ issued a decision finding that Parra's alcoholism was a material contributing factor to any disability incurred before July 1, 1999. Because Parra's disability insurance coverage lapsed on December 31, 1995, he was entitled to no relief.[1] Cathleen again sought review by the district court, and the parties stipulated to a second 42 U.S.C. § 405(g) remand to reconsider her testimony and the weight it should be given.

A third hearing was held before a different ALJ on January 3, 2003. At the hearing, Cathleen testified that, during his insured period, her father experienced pain in his hands and knees and also suffered from hearing difficulties, confusion, and paranoia. She also testified that he drank to the point of intoxication "occasionally" and that his alcohol use was not "excessive," although when pressed for details she explained that he often consumed twenty-four beers in a three-day period and became intoxicated at least weekly. The ALJ also heard testimony from Dr. Jerome Marmorstein, a medical expert who reviewed Parra's medical history. Dr. Marmorstein testified that Parra's medical records showed severe complications due to cirrhosis from July 1999 forward, although the disease had undoubtedly "come on over many years" and could have been "moderately well advanced" or "moderately severe" before Parra's insurance lapsed in 1995. Following Dr. Marmorstein's testimony, the ALJ stated orally that the evidence clearly indicated that Parra was disabled due to alcohol-induced cirrhosis by 1995, and that the operative question was whether the disease would have resolved itself had he quit drinking before his insurance lapsed.

The ALJ issued his final decision on April 4, 2003. He rejected Parra's bursitis claim because the medical evidence

---

[1]The ALJ found Parra disabled from July 1, 1999 until his death, but because he died without a surviving spouse, the ALJ dismissed the claim for SSI benefits. *See* 20 C.F.R. §§ 416.1457(c)(4), 416.542(b).

failed to show a severe physical impairment prior to December 31, 1995. Turning to the substance abuse claim, the ALJ found that "by the summer of 1994 the claimant was disabled primarily due to heavy alcohol consumption and intoxication" and also had "moderately severe but curable cirrhosis of the liver." But he further found that prior to July 1999, it was likely that Parra would have recovered had he quit drinking. Therefore Parra's cirrhosis was irreversible only after that date. The ALJ also explicitly ruled that the claimant bore the burden of proving that his alcoholism was not a contributing factor material to his disability. Because his disability likely would have resolved had Parra ceased using alcohol during his insured period, the ALJ found him ineligible for disability benefits under 42 U.S.C. § 423(d)(2)(C). The district court affirmed this ruling.

## II. Standards of Review

We review de novo a district court's affirmance of an ALJ's decision. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). We may set aside the ALJ's denial of benefits only "when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Id.* Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Where the evidence can reasonably support either affirming or reversing the decision, we may not substitute our judgment for that of the Commissioner. *Id.*

## III. Discussion

Cathleen Parra appeals the ALJ's 2003 decision on three grounds. She alleges that (1) the ALJ erred by failing to perform the full five-step analysis to determine Parra's disability, (2) the ALJ erred in finding that alcoholism was material to Parra's disability, and (3) the ALJ improperly discredited

Joseph and Cathleen Parra's testimony. We address each claim in turn.

*A.   The Five-Step Analysis*

**[1]** A claimant is disabled under Title II of the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant meets this definition, the ALJ conducts a five-step sequential evaluation that asks (1) whether the claimant is presently engaging in substantially gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantially gainful activity. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proving steps one through four, consistent with the general rule that "[a]t all times, the burden is on the claimant to establish [his] entitlement to disability insurance benefits." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). Once this prima facie case is established, the burden shifts to the Commissioner at the fifth step to show that the claimant may perform other gainful activity. *See Tackett*, 180 F.3d at 1098.

**[2]** "A finding of 'disabled' under the five-step inquiry does not automatically qualify a claimant for disability benefits." *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). Under 42 U.S.C. § 423(d)(2)(C), a claimant cannot receive disability benefits "if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." Congress adopted this amendment in 1996 as part of the Contract with America Advancement Act ("CAAA"), Public Law 104-

121. As we have previously explained, the purpose of the CAAA was "to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy." *Ball v. Massanari*, 254 F.3d 817, 824 (9th Cir. 2001). Under the implementing regulations, the ALJ must conduct a drug abuse and alcoholism analysis ("DAA Analysis") by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol. 20 C.F.R. § 404.1535(b). If the remaining limitations would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his disability. If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied. *Id.*

Appellant asserts that the ALJ erred by failing to conduct the full five-step analysis to determine that Parra's cirrhosis was disabling before conducting the DAA Analysis to determine if Parra's alcoholism was material. *See Bustamante,* 262 F.3d at 955 (holding ALJ must identify disability under five-step procedure before conducting DAA Analysis to determine whether substance abuse was material to disability). We agree with appellant that the ALJ's findings regarding Parra's cirrhosis are ambiguous. In his decision, the ALJ initially states that "the claimant did not have a severe physical impairment prior to the date last insured of December 31, 1995." Later, however, the ALJ finds that "by the summer of 1994 the claimant was disabled primarily due to heavy alcohol consumption and intoxication" and also had "moderately severe but curable cirrhosis of the liver." After engaging in the DAA Analysis to examine the effects of Parra's alcoholism on his cirrhosis, the ALJ concludes that "[s]ince July 1, 1999, the medical evidence establishes the claimant had hepatitis, cirrhosis of the liver, hepatocellular carcinoma and alcoholism. He did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. Prior to July 1, 1999 the claimant's primary impairment was alcoholism."

**[3]** Nonetheless, while the ALJ's five-step analysis is not completely clear, we find any error in this regard to be harmless. *See Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990) (finding ALJ error harmless because it did not affect the result). Although the decision does not explicitly label Parra's cirrhosis as disabling, the ALJ gave Parra the benefit of the doubt: the DAA Analysis assumed that Parra's cirrhosis was disabling and focused correctly upon whether abstinence would have cured this disability before his insurance lapsed.[2] Because the DAA Analysis assumed Parra's cirrhosis was disabling, any error in arriving at that initial conclusion would not affect the ALJ's ultimate decision that Parra's alcoholism was material to his cirrhosis. We therefore reject this proffered ground for reversal.

## B.   The DAA Analysis

Appellant next argues that the ALJ erred in finding Parra ineligible for benefits because his alcoholism was a contributing factor material to his disability under 42 U.S.C. § 423(d)(2)(C). Once medical evidence of Parra's alcoholism surfaced, the ALJ placed the burden of proof upon the claimant to establish that Parra's alcoholism was not a contributing factor material to his disability, by showing he would have remained disabled had he stopped drinking in 1995. Appellant asserts that this holding was erroneous. Once a claimant satisfies the five-step analysis, she argues, the Commissioner should bear the burden of proving that benefits should be denied. Appellant analogizes to cases involving termination of benefits, wherein the Commissioner must prove that a claimant previously adjudged disabled has recovered sufficiently to

---

[2]The finding that Parra had no "severe physical impairment" prior to December 31, 1995 appears in the section of the decision addressing his bursitis claim, before the ALJ discusses the effects of his alcoholism. In context, this statement is better understood as merely a recognition that Parra's non-alcohol-related impairments did not constitute a disability—a finding supported by the record and seemingly not challenged on appeal.

return to work. *See, e.g.*, *Bellamy v. Sec'y of Health & Human Servs.*, 755 F.2d 1380, 1381 (9th Cir. 1985).

**[4]** Our prior opinions have explicitly left open the issue of which party bears the burden of proof under 42 U.S.C. § 423(d)(2)(C). We placed the burden upon the claimant in *Ball*, 254 F.3d at 821, although a later opinion correctly described this language as dicta. *See Bustamante*, 262 F.3d at 955 n.1. We note that each circuit to have considered the issue has placed the burden squarely upon the claimant. *See, e.g., Doughty v. Apfel*, 245 F.3d 1274, 1276 (11th Cir. 2001); *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000); *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999). Our own case law has suggested the same. *See Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998) (remanding to allow claimant "an opportunity to present evidence as to whether claimant's disability would have continued if she stopped using drugs or alcohol"). This approach is consistent with the general rule that "[a]t all times, the burden is on the claimant to establish [his] entitlement to disability insurance benefits." *Tidwell*, 161 F.3d at 601. Moreover, placing the burden on the claimant is practical because the claimant "is the party best suited to demonstrate whether [he] would still be disabled in the absence of drug or alcohol addiction." *Brown*, 192 F.3d at 498.

**[5]** Appellant's reliance on cases involving the termination of benefits is misplaced. As *Bellamy* makes clear, the Commissioner's burden in termination cases stems from the notion that "*[o]nce a claimant has been found to be disabled* [ ] a presumption of continuing disability arises in [his] favor." *Bellamy*, 755 F.2d at 1381 (emphasis added). But the CAAA amended the definition of "disability" under the Social Security Act, such that an individual "shall not be considered disabled" if drug or alcohol use is material to his disability. In other words, the presumption driving *Bellamy* has not yet attached when the DAA Analysis is performed because the agency has yet to determine whether the claimant is disabled.

"Unquestionably, proving disability is [claimant's] burden, and any amendment to the definition of disability logically impacts [his] burden." *Brown*, 192 F.3d at 498; *see also Bellamy*, 755 F.2d at 1381 ("Social Security disability benefits claimants have the burden of proving disability."). We thus make explicit what was intimated by our earlier cases, that the claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability.

[6] Appellant failed to carry this burden. The record offers no evidence supporting the notion that the disabling effects of Parra's cirrhosis would have remained had he stopped drinking before December 31, 1995. Dr. Marmorstein testified that cirrhosis, caused by alcohol abuse, is generally reversible and that the medical records support a finding that Parra's cirrhosis was irreversible only after July 1, 1999. Dr. Marmorstein explained that he had no reason to believe that Parra's condition would not have improved had Parra quit drinking in 1995. When pressed by Parra's counsel, he reiterated several times that "there is no way for me to know" whether Parra's cirrhosis was irreversible in 1994 or 1995 because the record was insufficient to support a conclusion either way.[3]

Appellant argues that Dr. Marmorstein's testimony was inconclusive on this point, and that inconclusive testimony is sufficient to satisfy the claimant's burden of proof under the

---

[3]The ALJ also cited the 1994 report of psychologist Dr. Nancy McCarthy. Dr. McCarthy documented many of the mental impairments later cited by Parra and his daughter at the disability hearings. Without discussing Parra's liver damage, Dr. McCarthy wrote that these mental impairments were likely caused by excessive alcohol consumption and intimated that they would resolve if Parra stopped drinking. As appellant notes, Dr. McCarthy's report does not state that Parra's *cirrhosis* would have resolved with abstinence. But it does constitute substantial evidence to support a finding that his *disabling mental limitations*, which Dr. Marmorstein testified *may* have been caused by cirrhosis, would have resolved with abstinence. *See Tackett,* 180 F.3d at 1097 (court reviews whether ALJ's conclusions are "supported by substantial evidence in the record *as a whole*" (emphasis added)).

statute. To support this claim, she relies upon two internal agency documents, HALLEX I-5-3-14A[4] and Emergency Teletype No. EM-96-94.[5] These documents, she argues, preclude a finding of materiality unless the medical evidence affirmatively shows that a disability will resolve with abstinence. We reject this argument, which effectively shifts the burden to the Commissioner to prove materiality. Assuming without deciding that the HALLEX and Teletype provisions apply to this situation, we have previously explained that internal agency documents such as these do not carry the force of law and are not binding upon the agency. *See, e.g.*, *Lowry v. Barnhart*, 329 F.3d 1019, 1023 (9th Cir. 2003); *Moore v. Apfel*, 216 F.3d 864, 868-69 (9th Cir. 2000). Therefore, they do not create judicially enforceable duties, and we will not review allegations of noncompliance with their provisions. *See Moore*, 216 F.3d at 869.

At most, these sources may represent the agency's unpromulgated interpretation of the statute's phrase "contributing factor material to the determination of disability." Such an interpretation is " 'entitled to respect' " but only to the extent that it has the " 'power to persuade.' " *Christensen v. Harris County*, 529 U.S. 576, 587 (2000) (quoting *Skidmore v. Swift*

---

[4]HALLEX is the Hearing, Appeals, and Litigation Law Manual, an internal agency guidebook. HALLEX I-5-3-14A states that a finding that DAA is material is appropriate "only when . . . there is sufficient and appropriate medical evidence to establish . . . the individual would not be considered to be disabled if he/she stopped using drugs and/or alcohol."

[5]On August 30, 1996, the SSA's Office of Disability sent this teletype to all hearing offices, responding to initial questions posed by the adoption of the CAAA. The relevant portion of the teletype explains that "a finding that DAA is material will be made only when the evidence establishes that the individual would not be disabled if he/she stopped using drugs/ alcohol." Therefore in "cases in which the evidence demonstrates multiple impairments, especially cases involving multiple mental impairments, where the MC/PC cannot project what limitations would remain if the individuals stopped using drugs/alcohol," the MC/PC "should record his/ her findings to that effect" and "the DE will find that DAA is not a contributing material factor to the determination of disability."

& Co., 323 U.S. 134, 140 (1944)). In this case, such an interpretation is unpersuasive because it contradicts the purpose of the statute. As noted above, Congress sought through the CAAA "to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy." *Ball*, 254 F.3d at 824.[6] Appellant's proposed rule provides the opposite incentive. An alcoholic claimant who presents inconclusive evidence of materiality has no incentive to stop drinking, because abstinence may resolve his disabling limitations and cause his claim to be rejected or his benefits terminated. His claim would be guaranteed only as long as his substance abuse continues—a scheme that effectively subsidizes substance abuse in contravention of the statute's purpose.[7]

**[7]** In sum, we find that Parra bore the burden of proving that his alcoholism was not a contributing factor material to his cirrhosis-related disability. Dr. Marmorstein testified that abstinence generally ameliorates the effects of cirrhosis and that the record fails to show that Parra's cirrhosis was irreversible when his disability insurance lapsed. Therefore we conclude that the ALJ's denial of benefits under 42 U.S.C. § 423(d)(2)(C) was supported by substantial evidence and free of material error.

## C.   Credibility Determinations

Finally, appellant asserts that the ALJ erred in finding that the testimony of Parra and his daughter lacked credibility.

---

[6]*See also* H.R. Rep. No. 104-379, at 17 (1995) (explaining that the amendment eliminates "a perverse incentive that affronts working taxpayers and fails to serve the interests of addicts and alcoholics, many of whom use their disability checks to purchase drugs and alcohol, thereby maintaining their addictions").

[7]The teletype elsewhere explains that a period of abstinence of one month or more is useful to test whether a claimant's substance abuse is material to his disability. Under appellant's interpretation of the teletype, the claimant has no incentive to undergo this period of abstinence, as doing so would only jeopardize his claim.

Generally, "questions of credibility and resolution of conflicts in the testimony are functions solely" for the agency. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (internal quotation marks omitted). The ALJ must provide "clear and convincing" reasons to reject a claimant's subjective testimony, by specifically identifying "what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). The ALJ may reject a third party's testimony upon giving a reason germane to that witness. *Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996).

[8] Contrary to appellant's contentions, the ALJ did not find that Parra lacked credibility. The ALJ found that Parra was "generally credible with respect to his condition since July 1999" and stated more generally that he "concur[red] with the finding of the prior Administrative Law Judge" that prior to July 1999 Parra's primary impairment was alcoholism, but that he was disabled from July 1999 onward. The ALJ discounted some of Parra's subjective testimony regarding his bursitis pain. But to the extent that this constitutes a rejection of Parra's testimony, the ALJ provides clear and convincing reasons for doing so. The decision pointed to specific evidence in the record, including numerous medical reports, establishing that Parra's ailments were not severe impairments. For example, his subjective complaint of bursitis-related knee pain was contradicted by numerous Veterans Administration laboratory tests showing knee function within normal limits during Parra's insured period. These inconsistencies constitute significant and substantial reasons to find Parra's testimony less than completely credible. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). The ALJ also noted that Parra's physical ailments were treated with an over-the-counter pain medication. We have previously indicated that evidence of "conservative treatment" is sufficient to discount a claimant's testimony regarding severity of an impairment. *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995). We therefore find no error.

**[9]** Similarly, the ALJ did not err in his assessment of Cathleen's testimony. The ALJ found Cathleen's testimony was "colored by bias" because she repeatedly attempted to "discount the alcoholism of the claimant" despite her own testimony as to the frequency and effects of his drinking. The incongruity between Cathleen's objective descriptions of her father's drinking habits and her subjective characterization of these habits as "occasional" and not "excessive" constitutes a "germane" reason why her testimony was not completely persuasive. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Moreover, we note that the ALJ did not completely discredit Cathleen's testimony. He cited her testimony to support his finding that Parra was disabled from 1994 onward due to the effects of his alcoholism. Therefore, we hold that the ALJ did not err in finding Cathleen only partially credible, and weighing her testimony accordingly.

## IV.   Conclusion

We AFFIRM the district court's ruling that the Commissioner did not err in denying Parra's claim.