**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CINDY MARIE MINER, | No. 13-15790 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00382-DAD |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, Magistrate Judge, Presiding

Argued and Submitted June 12, 2015
San Francisco, California

Before: SCHROEDER, IKUTA, and CHRISTEN, Circuit Judges.

Cindy Marie Miner appeals from the district court's order affirming the

Administrative Law Judge's (ALJ) denial of benefits. We have jurisdiction under

28 U.S.C. § 1291 and we affirm.

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The ALJ gave "specific, clear and convincing reasons for rejecting [Miner's] testimony regarding the severity of [her] symptoms," *see Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (internal quotation marks omitted), and these reasons were supported by substantial evidence. In making an adverse credibility determination, the ALJ properly relied on: (1) the lack of objective medical evidence supporting Miner's alleged level of pain, *see Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005); (2) examining physician Dr. Vesali's conclusions that the physical examination of Miner did not support her subjective complaints of neck pain, back pain, and knee pain, and that Miner did not have significant functional limitations; and (3) the inconsistency between Miner's allegations that her impairments were disabling and her conservative treatment and her testimony regarding daily activities, *see Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995). The record reflects that despite Miner's allegations that she suffered disabling pain for years, Miner's doctors did not recommend surgeries or other aggressive treatments. Nor did Miner pursue aggressive treatment; for instance, when surgery was discussed as one of several treatment options for allegedly disabling incontinence, Miner chose exercises.

The ALJ provided an adequate rationale for her residual functional capacity (RFC) assessment, which is also supported by substantial evidence. The ALJ adequately described and discussed the medical evidence in the record. No treating physician opinion was in the record, so the ALJ appropriately relied on the findings and opinion of the sole examining physician. *See* SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *see also Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996) ("[T]he Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician."). The ALJ was not required to discuss Miner's chest pain or allegedly disabling urinary incontinence, as "[p]reparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ's reasoning is sufficient to permit appellate review, so any error in failing to discuss specific items in the record is harmless. *Treichler*, 775 F.3d at 1099.

**AFFIRMED**.