**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ANTHONY LEE TAYLOR,

        Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

        Defendant - Appellee.

No. 13-16944

D.C. No. 1:11-cv-02042-BAM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Submitted October 5, 2015[**]

Before:    THOMAS, Chief Judge, D.W. NELSON and LEAVY, Circuit Judges.

Anthony Lee Taylor appeals pro se from the district court's judgment

affirming the Commissioner of Social Security's denial of his application for

supplemental security income under Title XVI of the Social Security Act.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review the district court's order de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and affirm.

The Administrative Law Judge ("ALJ") provided specific, clear and convincing reasons to discount Taylor's testimony regarding the intensity, persistence, and limiting effects of his pain, his immobility, and the side effects of medications. First, the ALJ reasonably determined that Taylor's allegation that he was completely disabled as a result of his gout was not supported by the medical evidence. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Second, the ALJ also reasonably considered that since filing his application in October 2008, Taylor received limited treatment for his symptoms and that he had not been fully compliant with the conservative treatment that he did receive or that was recommended for his hypertension. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Third, in assessing Taylor's credibility, the ALJ also reasonably took into account Taylor's poor work history. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (noting that claimant "had an extremely poor work history and has shown little propensity to work in her lifetime, which negatively affected her credibility regarding her inability to work") (internal quotation marks omitted).

Taylor nevertheless contends that the ALJ erred in discrediting his testimony

because two treating physicians certified that he could not return to work. Although two physicians examined Taylor in connection with his unemployment insurance claim and certified that he could not return to work for several months, neither opined that Taylor was permanently disabled. Moreover, although Taylor's treating physician noted that he did not foresee him returning to his previous job, he repeatedly encouraged Taylor to change his job or seek retraining.

Finally, Taylor's contention that the ALJ's hypothetical to the vocational expert was incomplete essentially restates his argument that the ALJ improperly discredited his testimony regarding the limiting effects of his symptoms. Although Taylor argues for a different reading of the record, the ALJ's interpretation of the evidence was rational and should be upheld. *See Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008).

**AFFIRMED.**