**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN LESTER-MAHAFFEY, | No. 13-35469 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-01360-TC |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted February 8, 2016[**]

Before:    LEAVY, GRABER, and OWENS, Circuit Judges.

Karen Lester-Mahaffey appeals the district court's decision affirming the

Commissioner of Social Security's denial of her application for disability

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

insurance benefits under Title II of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Lester-Mahaffey contends that the administrative law judge ("ALJ") erred in finding her not fully credible concerning the intensity, persistence, and limiting effects of her symptoms. The ALJ properly engaged in the required two-step analysis for evaluating Lester-Mahaffey's credibility and, at the second step, provided specific, clear, and convincing reasons for rejecting her testimony about the severity of her symptoms. *See Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014). First, substantial evidence in the record supports the ALJ's finding that Lester-Mahaffey's activities of daily living were "quite involved" and that those activities suggested a level of functioning greater than she alleged in her application and testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (explaining that even activities suggesting some difficulty functioning may be grounds for discrediting claims of a totally debilitating impairment). Second, the ALJ reasonably determined that Lester-Mahaffey's conservative course of treatment was inconsistent with her claim of disabling impairments. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."). Third, the ALJ properly considered Lester-Mahaffey's limited

work history before the onset of her alleged disability in concluding that she appeared to lack the motivation to work consistently. *See* 20 C.F.R. § 416.929(c)(3) (stating that prior work history may be considered in assessing credibility).

Lester-Mahaffey contends that the ALJ erred by failing to properly consider the lay testimony of her ex-husband, David Mahaffey. The ALJ gave Mr. Mahaffey's testimony "some weight because it is generally consistent with the medical evidence and claimant's allegations." The ALJ accurately characterized Mr. Mahaffey's description of Lester-Mahaffey's ability to perform many tasks with some difficulty, and Lester-Mahaffey does not identify any portion of Mr. Mahaffey's statement that should have been given additional weight, aside from arguing generally, and without support, that Mr. Mahaffey's statement shows that she could not perform regular, full-time work on a sustained basis.

Lester-Mahaffey also contends that the ALJ failed to properly consider the opinion of her treating psychiatrist, Daphne Maurer, M.D. Contrary to Lester-Mahaffey's contention, the ALJ provided specific and legitimate reasons for giving the opinions of the mental health consultants greater weight than the opinion of Dr. Maurer. The ALJ noted that Lester-Mahaffey was no longer taking medication, and therefore would not be subject to its adverse side effects, including drowsiness

3

and memory loss, which Dr. Maurer opined would cause Lester-Mahaffey extreme difficulties in maintaining concentration, persistence, and pace. The ALJ also found that Lester-Mahaffey's reported activities of daily living reflected greater functioning than Dr. Maurer described.

Because Dr. Maurer's assessment did not reflect Lester-Mahaffey's actual functioning, the ALJ properly discounted Dr. Maurer's findings concerning Lester-Mahaffey's ability to understand and carry out simple instructions, make simple decisions, and deal with stress. *See, e.g., Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (upholding the rejection of a treating physician's opinion that was based almost entirely on self-reporting).

Moreover, although the ALJ gave limited weight to Dr. Maurer's opinion concerning Lester-Mahaffey's memory and concentration, the ALJ took into account Dr. Maurer's assessment of Lester-Mahaffey's anxiety by restricting her to no interaction with the general public and only superficial interaction with co-workers, and ultimately limited her to only unskilled tasks. *See id.* at 1223-24.

The ALJ appropriately proposed to the vocational expert a hypothetical including all the limitations he found to be credible and supported by substantial evidence in the record. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005) (explaining that an ALJ appropriately relied on vocational expert testimony

based on all of the limitations found credible and supported by substantial evidence).  Thus, the ALJ properly concluded that Lester-Mahaffey was not disabled.

**AFFIRMED**.