NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD VELEZ,

                Plaintiff-Appellant,

    v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

                Defendant-Appellee.

No.   18-17175

D.C. No. 5:17-cv-04064-BLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted September 30, 2021[**]

Before:   THOMAS, Chief Judge, HAWKINS, and McKEOWN, Circuit Judges.

Richard Velez appeals the district court's affirmance of the Commissioner of

Social Security's denial of his application for disability insurance benefits under

Title II of the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291

and 42 U.S.C. § 405(g).  We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2016), and we affirm.

The ALJ considered the requisite factors and applied the correct legal standard in evaluating the medical opinion evidence. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (citing 20 C.F.R. § 404.1527(c)(2)-(6)); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ is responsible for resolving conflicts in the medical testimony). The ALJ provided specific and legitimate reasons to discount the opinions of Dr. Yuen as inconsistent with the medical record, including Velez's conservative treatment. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency between physician's opinion and the medical record was a specific and legitimate reason to reject the opinion).

The ALJ provided specific and legitimate reasons for discounting the opinions of Dr. DeBattista. The ALJ noted Velez had received minimal mental health treatment, and Dr. DeBattista's opinion was inconsistent with treating psychologist Dr. Le's assessment. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ need not accept an opinion that is "inadequately supported by clinical findings"); *Batson*, 359 F.3d at 1195 (ALJ may discount opinion that is not supported by the record as a whole or by objective medical findings).

The ALJ gave specific, clear and convincing reasons for discounting Velez's testimony regarding the severity of his symptoms, including that his testimony was

not supported by the objective medical record, his course of treatment was conservative, and he exhibited noncompliance with diabetes treatment. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (evidence of conservative treatment is sufficient to discount a claimant's testimony regarding the severity of an impairment); *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (ALJ may properly rely on unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment in assessing a claimant's credibility) *superseded by regulation on other grounds*.

The ALJ's determination of Velez's residual functional capacity ("RFC") was supported by substantial evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (we will affirm the ALJ's determination of RFC if the ALJ applied the proper legal standard and his decision is supported by substantial evidence). The ALJ is not required to incorporate opinion evidence that was permissibly discounted. *Batson*, 359 F.3d at 1197.

**AFFIRMED**.

18-17175