**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESUS VACA OROZCO,

        Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

        Defendant-Appellee.

No.   21-56263

D.C. No. 2:20-cv-05536-VEB

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Victor E. Bianchini, Magistrate Judge, Presiding

Argued and Submitted November 14, 2022
Pasadena, California

Before:  WARDLAW and W. FLETCHER, Circuit Judges, and KORMAN,**
District Judge.

Jesus Vaca Orozco (Orozco) appeals from the district court's decision and

order affirming the Commissioner of Social Security's (the "Commissioner")

denial of his application for disability insurance benefits under Title II of the Social

---

     \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     \*\*    The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

Security Act. *See* 42 U.S.C. § 405(g). Orozco alleged disability because of his depression, and back, knee, and shoulder injuries. The district court had jurisdiction under 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291. For the reasons set forth below, we vacate and remand.

We review the district court's affirmance of the Administrative Law Judge's ("ALJ") decision *de novo*, and "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Kilpatrick v. Kijakazi*, 35 F.4d 1187, 1192 (9th Cir. 2022) (quoting *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *White v. Kijakazi*, 44 F.4th 828, 833 (9th Cir. 2022) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).

A claimant is disabled under Title II of the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or ... can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant meets this definition, the ALJ conducts the five-step sequential evaluation provided in 20 C.F.R. § 404.1520(a)(4). *See Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). At issue here is the fifth step, namely whether the impairment from which the

21-56263

claimant suffers also prevents him from performing "any other substantially gainful activity." *Id*. The Commissioner bears the burden of showing "that the claimant can perform other substantial gainful work." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ found, based on the testimony of a vocational expert, that the following jobs exist in significant numbers in the national economy that Orozco could perform, despite his disability: production line assembler (71,255 jobs), electrical assembler (88,034 jobs), and wafer line worker (37,000 jobs). With respect to the number of production line assembler jobs, the vocational expert testified that her estimate was derived from Job Browser Pro,[1] but the vocational expert's testimony does not reconcile the difference between that number and the estimate of 5,571 production line assembler jobs provided by the Dictionary of Occupational Titles ("DOT") that the vocational expert referenced on cross-examination. The ALJ erred in relying on the vocational expert testimony without reconciling this difference. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) ("[A]n ALJ is required to investigate and resolve any apparent conflict between the [vocational expert's] testimony and the DOT.").

The ALJ's decision also did not fully or clearly explain how the vocational

---

[1] Job Browser Pro is a software program that provides vocational data.

expert's estimates of electrical assembler and wafer line worker jobs—both part of the occupational group of "Electrical and Electronic Equipment Assemblers"— were impacted by literacy requirements or education requirements (such as a high school diploma) that Orozco raised in rebuttal evidence. In his rebuttal evidence, Orozco cited to a 2018 data set of the Occupational Requirements Survey ("ORS")[2] which notes that only 26.7% of jobs in the Electrical and Electronic Equipment Assemblers occupational group do not have a minimum educational requirement, and of that 26.7%, all require literacy. In response, the ALJ's decision merely states that this "data does not indicate how many of the 26.7% of jobs that can be performed with no minimum amount of education also require literacy." This does not resolve the conflict raised by Orozco's argument, based on the ORS, that all of the jobs in this 26.7% require literacy.[3] *See Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (noting that the ALJ is responsible for determining credibility, resolving conflicts in testimony, and resolving ambiguities in the record).

---

[2] The ORS is prepared by the Bureau of Labor Statistics and "provides job-related information regarding physical demands; environmental conditions; education, training, and experience; as well as cognitive and mental requirements for jobs in the U.S. economy." *See* U.S. Bureau of Labor Statistics, Occupational Requirements Survey, https://www.bls.gov/ors/.

[3] The remaining 73.3% of the jobs in the Electrical and Electronic Equipment Assemblers occupational group do not require literacy, but require a high school education, which Orozco does not have.

In light of these discrepancies in the number of jobs available to Orozco in the national economy in these three job categories, remand is appropriate here to allow the ALJ to address the evidence and Orozco's challenge to the vocational expert's job-number estimates.  *See White*, 44 F.4th at 837.  We express no view on the merits of Orozco's remaining arguments.

**VACATED AND REMANDED.**