NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CINDY SCHLABS,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.    22-35287

D.C. No. 3:21-cv-05642-MLP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted February 13, 2023[**]
Seattle, Washington

Before:  W. FLETCHER, PAEZ, and VANDYKE, Circuit Judges.

Cindy Schlabs appeals the district court's judgment affirming the denial of

her application for Disability Insurance Benefits.  "We review [the] district court's

judgment … de novo" and "set aside a denial of benefits only if it is not supported

---

[*]   This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral
argument.  *See* Fed. R. App. P. 34(a)(2).

by substantial evidence or is based on legal error." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (citations omitted).

To establish a disability for purposes of the Social Security Act, a claimant must prove that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment … which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "In order to determine whether a claimant meets this definition, the ALJ employs a five-step sequential evaluation." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

In this case, the ALJ determined that Schlabs was not disabled at step four of the analysis because she can perform her past relevant work as a secretary. In making this determination, the ALJ discounted Schlabs's subjective symptom testimony because it was inconsistent with the record, including objective medical evidence. The ALJ also discounted portions of her psychiatrist's opinion because it was inconsistent with the medical records and the state agency psychologists' opinions, and the psychiatrist's opinion was largely based on Schlabs's subjective testimony. Evaluating this testimony, the ALJ applied the correct legal standards and supported his findings with substantial evidence. We affirm for the following reasons.

First, the ALJ provided specific, clear, and convincing reasons to discount Schlabs's subjective testimony. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). Before the ALJ, Schlabs testified that she (1) required the use of a walker at home and a cane outside of the home, (2) was largely bedbound and had difficulty walking, and (3) almost never left the house other than for appointments and to go to the store. But as the ALJ observed, this testimony was inconsistent with the record, including objective medical evidence. *See Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007). Schlabs inconsistently used a cane, reported on a medical form in 2018 that she didn't use a cane or walker, and was neither prescribed a cane or walker by a medical doctor nor needed it according to medical examinations. Schlabs also reported that she walked for exercise. These inconsistencies "constitute significant and substantial reasons to find [Schlabs's] testimony less than completely credible." *Id.*

Further, the ALJ considered Schlabs's claim that she experienced fatigue as a side effect of prescribed medication, finding that the medical record did not support her allegations regarding the severity of the fatigue. And Schlabs has failed to point to any evidence that her dizziness symptoms resulted in limitations beyond what the ALJ considered.

Second, the ALJ properly considered Schlabs's, psychiatrist's opinion for its supportability and consistency with the record before finding it only partially

3

persuasive. *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022). Schlabs's psychiatrist determined that Schlabs had no memory problems and was able to use her memory to solve problems, was capable of understanding, had poor concentration and persistence, and may struggle to adapt to general situations. The ALJ found unpersuasive the portion of the psychiatrist's opinion about Schlabs's concentration, persistence, pace, and adaptability because it was inconsistent with the full medical record, was inconsistent with the state psychological consultants' opinions, and was largely based on Schlabs's subjective statements. In addition, the psychiatrist's ultimate opinion was that Schlabs's main limitations were physical, not mental, and the psychiatrist deferred to the medical doctors on the severity of those limitations. Under the supportability and consistency with the record standard, the ALJ's decision to partially discount the psychiatrist's opinion was supported by substantial evidence.

In sum, the ALJ's step-four determination that Schlabs can perform her past work as a secretary is supported by substantial evidence.

**AFFIRMED.**

4