FILED

APR 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MICHAEL DAVIS,

        Plaintiff - Appellant,

  v.

LELAND DUDEK,[*] Acting Commissioner of Social Security,

        Defendant - Appellee.

No. 24-1980

D.C. No.
3:23-cv-00526-WHA

MEMORANDUM[**]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted March 31, 2025[***]
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Michael Davis appeals a district court judgment affirming the Social

---

    [*]    Leland Dudek is substituted as Acting Commissioner of the Social Security Administration pursuant to Fed. R. App. P. 43(c).

    [**]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Security Commissioner's denial of his application for disability benefits under Title II of the Social Security Act. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review de novo a district court's order that upholds the denial of social security benefits." *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024). We may set aside a decision by an administrative law judge ("ALJ") denying benefits "only if it is not supported by substantial evidence or is based on legal error." *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). Substantial evidence "is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1035). In applying the substantial evidence standard, we "must assess the entire record, weighing the evidence both supporting and detracting from the agency's conclusion," but we "may not reweigh the evidence or substitute our judgment for that of the ALJ." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (quotation omitted).

1. The ALJ did not err in evaluating Davis's mental impairments as nonsevere. "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). To evaluate mental impairments, ALJs assess

limitations in four broad areas of mental functioning outlined in the disability regulations. *Id.* § 404.1520a(c)(3). Each functional area is rated on a five-point scale (none, mild, moderate, marked, extreme). *Id.* § 404.1520a(c)(4). Where limitations are "none" or "mild", the agency "will generally conclude that [a claimant's] impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." *Id.* § 404.1520a(d)(1).

Applying this framework, substantial evidence supports the ALJ's findings that Davis had no more than mild limitations in each of the four functional areas and that Davis's mental impairments were thus nonsevere. The evidence does not indicate that Davis's mental impairments interfered with his ability to do basic work activities.

First, the ALJ deemed persuasive the State agency psychological consultants' prior administrative findings that Davis had no more than mild limitations in the four functional areas. *See id.* § 404.1513a(b)(1) (explaining that ALJs must consider such evidence because the consultants "are highly qualified and experts in Social Security disability evaluation").[1] Second, evaluations from

---

[1] Davis has not challenged this persuasiveness determination on appeal. Davis does challenge the ALJ's reliance on the evaluation of one consultative psychological examiner, Dr. Acenas. However, the attacks on the accuracy of Dr. Acenas's reports are unsupported, as is the assertion that Dr. Acenas's report only considered Davis's ability to follow simple instructions and perform simple tasks.

3

examining and treating physicians throughout Davis's alleged period of disability similarly noted only mild cognitive and mental limitations. Third, Davis's daily activities, which included part-time work, sharing custody of his teenage children, and performing activities of daily living without assistance, were consistent with mild limitations in the four functional areas. *See Stiffler v. O'Malley*, 102 F.4th 1102, 1107-08 (9th Cir. 2024) (considering daily activities described in the claimant's treatment records as relevant to the severity of the claimant's mental functioning limitations).

On appeal, Davis argues that the ALJ relied on the erroneous assertion that Davis did not have "specialized psychiatric treatment or mental health counseling during his alleged period of disability." But, "[a]n error is harmless if it is 'inconsequential to the ultimate nondisability determination,'" *see Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)), as is the case here. Davis received only sporadic, short-term mental health counseling during several acute periods of depression. Given the substantial evidence of mild mental impairment discussed above, this history of sporadic mental health treatment alone does not support a finding of a severe mental impairment. *See Woods v. Kijakazi*, 32 F.4th 785, 793 (9th Cir. 2022) (finding an ALJ reasonably rejected an expert's opinion that a claimant had marked and extreme limitations in cognitive areas where the

psychological evidence concerned only "situational stressors"); *see also Barnhart v. Walton*, 535 U.S. 212, 222-23 (2002) (explaining that an impairment must be severe for 12 months for a claimant to be eligible for disability insurance benefits).

2.     The ALJ did not err in evaluating Davis's subjective symptom testimony. The ALJ considered Davis's testimony and found that his medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the ALJ found Davis's "statements concerning the intensity, persistence, and limiting effects of [his] symptoms not entirely consistent with the medical evidence and other evidence in the record." The ALJ, as required, provided "specific, clear and convincing reasons" for rejecting Davis's testimony about the disabling effects of his symptoms. *Smith v. Kijakazi*, 14 F.4th 1108, 1112 (9th Cir. 2021) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)).[2]

First, the ALJ reasonably discounted Davis's testimony regarding the disabling effects of his symptoms as inconsistent with the medical record. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in

_____

[2] Davis argues that the ALJ failed to explain his reasons for rejecting Davis's testimony with sufficient particularity. However, the ALJ cited record evidence to support his reasons with sufficient specificity to ensure that "review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015).

original); *see also Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). The ALJ noted that the record evidence consistently showed that Davis had musculoskeletal range of motion within normal limits, normal strength in the upper extremities, a normal gait, and no difficulty walking. This record evidence is inconsistent with Davis's testimony of debilitating upper extremity and mobility limitations.

The ALJ also discounted Davis's testimony based on evidence of conservative treatment. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995))). Here, the ALJ correctly noted that, except for surgery for his carpal tunnel syndrome, Davis followed a generally conservative treatment regimen for his various impairments.

Additionally, the ALJ found Davis's testimony regarding the severity of his impairments to be inconsistent with his reported daily activities. *See Smartt*, 53 F.4th at 499 ("An ALJ may also consider 'whether the claimant engages in daily activities inconsistent with the alleged symptoms.'" (quoting *Lingenfelter*, 504 F.3d at 1040)). Davis reported being able to share custody of his teenage children; drive; shop; socialize with friends; lift weights and walk for exercise; complete

6

household chores including cooking, laundry, and vacuuming; and perform activities of daily living without assistance. The ALJ's determination that these self-reported activities were inconsistent with the constant pain and the severe issues with walking and sitting that Davis described in his testimony was not unreasonable. *See Smartt*, 53 F.4th at 500 ("It is not the court's role to 'second-guess' an ALJ's reasonable interpretation of a claimant's testimony." (citations omitted)).

On appeal, Davis specifically argues that the ALJ improperly failed to consider side effects of his prescription medication, including headaches and fatigue. It is true that the ALJ did not explicitly discuss these claimed side effects. However, Davis's medical record shows only limited, sporadic claims of medication side effects. Indeed, the record evidence shows that Davis repeatedly denied experiencing side effects from his medications. The ALJ was not required to explicitly discuss the claimed side effects because there is no support in the record, other than Davis's testimony, of any side effects severe enough to interfere with his ability to work. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (concluding that "the ALJ's failure explicitly to address the drowsiness side-effect of [the claimant's] medication" was not erroneous because ALJs are only required to account for "limitations for which there was record support that did not depend on [the claimant's] subjective complaints").

7

3.     The ALJ did not err in determining that Davis could perform his past relevant work despite his limitations. On appeal, Davis argues that the ALJ improperly found that his residual functional capacity ("RFC") included frequent handling and fingering. Substantial evidence, however, supports the ALJ's finding.

Multiple State agency medical consultants found that that Davis had either no or minimal manipulative activity or workplace activity limitations. Additionally, record evidence showed that Davis's upper extremity mobility and strength has consistently remained within normal limits, even following his carpal tunnel release surgery. Moreover, the ALJ's ultimate RFC finding included more significant upper extremity limitations than the State agency medical consultants found. The ALJ explicitly noted that "[l]imiting [Davis] to a sedentary exertion level in addition to frequent handling and fingering more accurately accounts for" "residual difficulties . . . including trigger finger" that followed Davis's carpal tunnel release surgery.

**AFFIRMED.**