**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS L. CASEY, | No. 14-55142 |
| Plaintiff - Appellant, | D.C. No. 5:12-cv-02131-RNB |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Robert N. Block, Magistrate Judge, Presiding

Submitted February 10, 2016[**]
Pasadena, California

Before: TROTT, DAVIS[***], and OWENS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

Douglas Casey appeals from the district court's judgment affirming the Social Security Administration's denial of his application for disability insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Casey first contends that the ALJ erred in finding that his subjective pain testimony was only partially credible. The ALJ provided three reasons for so finding: (1) Casey's testimony about the severity and extent of his pain was not supported by the objective medical evidence; (2) Casey's performance of daily household activities indicated that he had the physical and social abilities necessary for full-time employment; and (3) Casey's testimony about the severity and extent of his pain was inconsistent with his conservative pain treatment.

As to the third reason, the district court held that the ALJ gave specific and legitimate reasons that were supported by substantial evidence, and we agree. Here, Casey himself testified that he only used Aleve and Advil to treat his pain, which reduced his pain enough so that he could "manage it." Casey acknowledged that his doctors chose not to prescribe him any stronger pain medications. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (indicating that use of only over-the-counter pain medication constitutes a conservative course of pain treatment). It is permissible for the ALJ to rely on the claimant's conservative pain

treatment regimen as evidence that his pain is not as severe as he describes. *Id.* at 751 ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995))). As the ALJ provided clear and convincing reasons supported by substantial evidence to discount Casey's subjective pain testimony based on his conservative course of treatment, we need not address the other two reasons the ALJ provided.

2. Casey also contends that the ALJ erred in determining Casey's Residual Functional Capacity (RFC) by failing to include limitations on work "at" shoulder level or limitations on repetitive head and neck movement. Even assuming the ALJ did not include such limitations, Casey's argument fails because he did not meet his burden to show that the error would have had any effect on the kinds of jobs the vocational expert testified Casey would be capable of performing. *See Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." (alteration in original) (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009))). The error was therefore harmless. *See, e.g., Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (explaining that the ALJ's erroneous omission of claimant's postural limitations from the RFC was

3

harmless since the sedentary jobs in which the ALJ determined the claimant could work required only "infrequent stooping, balancing, crouching, or climbing").

3. Casey also argues that: (1) the ALJ was collaterally estopped from relying on Dr. Warren D. Yu's report in finding that Casey was not disabled under Title II because the agency relied on Dr. Yu's report in finding Casey disabled under Title XVI; and (2) the vocational expert's testimony violated certain Program Policy Statements issued by the Social Security Administration. These arguments were raised for the first time on appeal and are therefore waived. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

**AFFIRMED.**