**FILED**

NOT FOR PUBLICATION

MAR 29 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

TIMOTHY EUGENE
WOMELDORF,

    Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant-Appellee,

No. 15-15908

D.C. No. 2:14-cv-00160-DJH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted March 15, 2017[**]
San Francisco, California

Before: FERNANDEZ, MURGUIA, and WATFORD, Circuit Judges.

Timothy Womeldorf appeals the district court's judgment which affirmed

the Commissioner of Social Security's denial of his application for a disability

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

insurance benefit.[1] We affirm.

(1)    Womeldorf asserts that the Administrative Law Judge ("ALJ") erred when she determined that the opinion of an examining licensed psychologist (Dr. Wayne General) should be given great weight and that the opinion of a nurse-practitioner (Marion Letellier) should be given little weight under the circumstances. We disagree. The former is an acceptable medical source,[2] but the latter is not.[3] The ALJ determined that Dr. General's opinion, which was based upon his examination and testing of Womeldorf, as well as the medical record, was entitled to great weight,[4] whereas Letellier's opinion was actually in conflict with her own treatment notes, which severely undercut its value.[5] Those determinations were supported by substantial evidence, and must, therefore, be upheld.[6] *See*

---

[1]*See* 42 U.S.C. § 423(a).

[2]*See* 20 C.F.R. § 404.1513(a)(2); *see also* 20 C.F.R. § 404.1527(c)(1).

[3]*See* 20 C.F.R. § 404.1513(d)(1); Social Security Ruling 06-03p, 2006 WL 2329939 (Aug. 6, 2006). To the extent that Womeldorf asserts that Letellier's opinion should have been treated as that of a treating acceptable medical source, that is not the law.

[4]*See* 20 C.F.R. § 404.1527(c)(3), (c)(4).

[5]*See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

[6]We note that the ALJ also gave weight (it is unclear whether it was "great weight" or just "some weight") to the opinions of non-examining sources, at least

(continued...)

2

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

(2)    Womeldorf also argues that his own credibility regarding the severity of his symptoms should not have been discounted. Again, we disagree. We recognize that the ALJ was required to give clear and convincing reasons for discounting Womeldorf's testimony regarding the severity of his symptoms. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Here the ALJ did just that. She properly discounted his severity claims by pointing to: the nature of the medical evidence itself;[7] the course of treatment, which was quite routine and conservative;[8] and his daily activities, which were not entirely consistent with his claimed inability to engage in social interactions, etc.[9] Womeldorf does point out that instead of finding him wholly incredible, at one point the ALJ stated that he

_____

[6](...continued)
one of whom was an acceptable medical source. We see no error in that. *See* 20 C.F.R. § 404.1527(e).

[7]*See Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

[8]*See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Parra*, 481 F.3d at 750–51.

[9]*See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226–27 (9th Cir. 2009); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004); *Rollins*, 261 F.3d at 857.

was not credible to the extent that his specific testimony was "inconsistent with the above residual functional capacity assessment." That was a rather infelicitous locution because it can be taken to mean that the ALJ first decided upon Womeldorf's residual functional capacity and then decided credibility by comparing that to his statements, as opposed to proceeding in the reverse order. However, the ALJ did carefully detail the problems with his testimony quite apart from the residual functional capacity finding as such. *Cf. Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). Thus, even if it was error to state the credibility conclusion that way, the error was harmless. *See Molina*, 674 F.3d at 1111.

AFFIRMED.