**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIAL GRAMMER, | No.    16-35212 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05500-DWC |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Submitted December 11, 2017**

Before:    THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges

Danial Grammer appeals the district court's decision affirming the

Commissioner of Social Security's denial of Grammer's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015), and we affirm.

The ALJ properly rejected Dr. Brown's opinion based on specific and legitimate reasons. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). First, the ALJ properly rejected Dr. Brown's opinion because Dr. Brown's diagnostic impression relied upon Grammer's inaccurate factual statements regarding his medical history. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Second, the ALJ properly rejected Dr. Brown's opinion because it was inconsistent with evidence in the medical record showing a lack of suicidal behavior and other symptoms in the absence of drugs or alcohol. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Third, the ALJ properly rejected Dr. Brown's opinion because it was inconsistent with Grammer's subsequent ability to work for three months. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (concluding that an ALJ can properly reject a treating physician's opinion based on inconsistencies with a claimant's activities). Any error in relying on additional reasons is harmless because the ALJ properly provided several specific and legitimate reasons to reject Dr. Brown's opinion. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (holding that error is harmless when it is inconsequential to the ultimate nondisability determination).

16-35212

The ALJ properly rejected Dr. Neims's opinion that Grammer was "disabled from SGA for the foreseeable 12 months" because it was a conclusory statement regarding a determination of disability and not a medical opinion. *See Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (distinguishing conclusory statements regarding disability from medical opinions regarding likelihood of ability to work given a claimant's medical impairments). Substantial evidence does not support the ALJ's reasons for rejecting the remainder of Dr. Neims's opinion, but any error is harmless because the Residual Functional Capacity adequately accounts for all the limitations contained in Dr. Neims's opinion. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008) (concluding that no reasoning is required to reject a physician's opinion when the RFC adequately accounts for all limitations).

The ALJ properly rejected the opinion of non-acceptable medical source Ms. Chen based on inconsistencies with Grammer's activities and inconsistencies with the medical record. *See Molina*, 674 F.3d at 1111-12 (concluding that inconsistency with medical evidence is a germane reason to reject a non-acceptable medical source's opinion); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (including inconsistency with activities in germane reasons to reject lay testimony). Any error in relying on additional reasons was harmless because the ALJ provided germane reasons to reject Ms. Chen's opinion. *See Molina*, 674 F.3d at 1115.

3                                                    16-35212

The ALJ properly rejected Dr. Eisenhauer's opinion because it relied entirely on Dr. Brown's evaluation, which the ALJ also validly rejected. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (concluding that the ALJ may reject an opinion that is inadequately supported by clinical findings).

Substantial evidence from periods of non-use following Grammer's psychiatric hospitalizations supports the ALJ's conclusion that drug or alcohol use was material to Grammer's disability. *See Parra v. Astrue*, 481 F.3d 742, 747-50 (9th Cir. 2007) (requiring the ALJ to determine whether the claimant would continue to be disabled in the absence of drugs or alcohol). The ALJ properly rejected the opinions of Dr. Brown, Dr. Neims, and Ms. Chen, and the ALJ did not err by failing to discuss additional evidence that was neither significant nor probative of Grammer's functional limitations in the absence of drugs or alcohol. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (ALJ is not required to discuss evidence that is neither significant nor probative).

Substantial evidence supports the ALJ's conclusion that Grammer requested a supplemental hearing regarding Dr. Pelc's opinion after the ten-day deadline that the ALJ provided in the notice regarding Dr. Pelc's opinion, and Grammer failed to provide documentation showing that he received the notice more than five days after it was mailed. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (reasoning that when substantial evidence supports the ALJ,

this Court should defer to the ALJ's opinion).

**AFFIRMED.**