**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERIC RICHARDSON,

        Plaintiff-Appellant,

  v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

        Defendant-Appellee.

No.   15-35867

D.C. No. 3:15-cv-05005-BAT

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted January 3, 2018**

Before: THOMAS, Chief Circuit Judge, TROTT and SILVERMAN, Circuit
Judges.

Eric Richardson appeals from the district court's order affirming the

decision of the Commissioner of Social Security denying his application for

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

supplemental security income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order de novo, *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014), and we affirm.

The administrative law judge ("ALJ") properly discounted Dr. Khaleeq's findings that Richardson might have trouble maintaining attendance and completing a normal workday or workweek by providing specific and legitimate reasons for doing so. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (ALJ may reject controverted medical opinion by providing specific and legitimate reasons supported by substantial evidence). First, the ALJ discounted these findings because they contradicted the Global Assessment of Functioning ("GAF") score Dr. Khaleeq issued indicating that Richardson had only mild symptoms or some difficulty functioning. *See Garrison*, 759 F.3d at 1010 (ALJ is responsible for resolving conflicts in medical testimony). The ALJ also discounted these findings because they were inconsistent with Richardson's "demonstrated functioning," including, as the ALJ noted earlier in the same paragraph, his performance on Dr. Khaleeq's mental status examination and his ability to perform simple tasks. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (incongruity between doctor's opinion and her medical records may suffice as specific and legitimate reason for rejecting her opinion).

2

Substantial evidence supports the mental limitations in the residual functional capacity ("RFC") assessment because, contrary to Richardson's contention, the ALJ did not rely on only the opinions of non-examining doctors but also on portions of Dr. Khaleeq's findings and Richardson's testimony. *See Garrison*, 759 F.3d at 1009 ("'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion.") (citation omitted).

Finally, the ALJ properly discredited Richardson's testimony by providing specific, clear, and convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (ALJ may discredit claimant's testimony by providing specific, clear, and convincing reasons). Specifically, the ALJ discredited Richardson's testimony because it was inconsistent with objective medical evidence and his reports to treatment providers, *see Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (inconsistencies between claimant's testimony and medical evidence are proper grounds to discredit testimony), *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (inconsistent statements may undermine claimant's allegations), and Richardson admitted to his doctor that he could not find a job for a reason unrelated to his impairments, *see Tonapetyan*, 242 F.3d at 1148.

Any error in the remaining reasons the ALJ offered was harmless. *See*

*Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)

(harmless error where, despite invalid reason for discrediting claimant's testimony,

adverse credibility finding remains supported by substantial evidence).

**AFFIRMED.**