
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID SHEPHARD,

          Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

          Defendant-Appellee.

No.   15-35332

D.C. No. 1:14-CV-3064-TOR

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted  January 18, 2018**

Before: THOMAS, Chief Circuit Judge, TROTT and SILVERMAN, Circuit
Judges.

    David Shephard appeals from the district court's order affirming the

decision of the Commissioner of Social Security denying his application for

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

supplemental security income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order de novo, *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014), and we affirm.

The administrative law judge ("ALJ") gave "specific and legitimate reasons" for discounting Dr. Merrill's opinion that Shephard could not stand two hours a day or perform sedentary work, *see Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (ALJ may reject controverted medical opinion by providing specific and legitimate reasons supported by substantial evidence): it was inconsistent with Shephard's activities, which included spending his days walking around, *see Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (inconsistency with claimant's activities is valid reason to discount medical opinion), and emergency room records documenting such things as normal ranges of motion and steady gait, *see Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (ALJ permissibly rejected medical opinion for reasons including lack of support from medical evidence); and Dr. Merrill rendered this opinion during his first meeting with Shephard, *see* 20 C.F.R. § 416.927(c)(2)(i) ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion.").

The ALJ gave specific and legitimate reasons for discounting Dr. Ho's opinion that Shephard could sit less than two hours at a time and less than six hours in a day, *see Ryan*, 528 F.3d at 1198: it lacked support from Dr. Ho's examination findings and other medical evidence.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (incongruity between doctor's opinion and her medical records is valid reason to discount doctor's opinion); *Bayliss*, 427 F.3d at 1217.

The ALJ gave specific and legitimate reasons for discounting Dr. Toews's opinion on Shephard's social limitations and difficulty attending work, *see Ryan*, 528 F.3d at 1198: it was based on Shephard's self-reports of anti-social behavior, and not Dr. Toews's own observations of Shephard's "polite, cooperative, and pleasant" demeanor, *see Ghanim*, 763 F.3d at 1162 (where opinion is based "to a large extent" on claimant's self-reports and not on clinical evidence, and ALJ finds claimant's allegations not credible, ALJ may discount the opinion); and it was inconsistent with Shephard's activities, which included interacting appropriately with friends and healthcare providers, *see id.*

By adopting the same reasons she gave for discounting Dr. Merrill's opinion, the ALJ gave germane reasons for discounting Ms. See's opinion that Shephard would have to lie down during the day and miss work four or more days per month.  *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (ALJ may

3

discount the opinion of a source that does not qualify as an "acceptable treating source" by providing germane reasons).

Although Shephard also contends that the ALJ improperly weighed the state agency's medical consultants' opinions, this issue has been waived because Shephard did not raise it in district court. *See Edlund v. Massanari*, 253 F.3d 1152, 1160 n. 9 (9th Cir. 2001).

The ALJ gave "specific, clear, and convincing reasons" for discrediting Shephard's allegation of disabling foot pain, *see Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (ALJ may discredit claimant's testimony by providing specific, clear, and convincing reasons): it was inconsistent with objective medical evidence, *see Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007) (inconsistencies between claimant's testimony and medical evidence are proper grounds to discredit testimony), and Shephard's activities, *see Molina*, 674 F.3d at 1113 ("Even where [everyday] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."), and Shephard's testimony about his drug use was inconsistent with statements he made or failed to make to treatment providers, *see Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) ("less than candid" testimony may undermine credibility of claimant's allegations).

4

Although Shephard contends that ALJ erred by undertaking an assessment of the credibility of his allegations, this argument has been waived because Shephard did not raise it in district court. *See Edlund*, 253 F.3d at 1160 n. 9.

The ALJ properly included in the residual functional capacity assessment and hypothetical question to the vocational expert only those limitations she found to be credible and supported by substantial evidence. *See Bayliss*, 427 F.3d at 1217.

At step five, the ALJ was not required to consider using an older age category when applying the Medical-Vocational Guidelines, even though at the time of the ALJ's decision Shephard was within a few days of reaching an older age category, because using the older age category would not have resulted in a finding that Shephard is disabled. *See* 20 C.F.R. § 416.963(b) ("If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category . . . .").

**AFFIRMED.**