NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA DE SANTIAGO, | No. 15-56304 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-08063-MRW |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael R. Wilner, Magistrate Judge, Presiding

Submitted September 13, 2019[**]

Before:     LEAVY, TROTT, and SILVERMAN, Circuit Judges.

Maria De Santiago appeals the district court's affirmance of the

Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, the parties' joint motion to submit the case on the briefs (Docket Entry No. 34) is granted.

Social Security Act (Act). We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The ALJ provided specific and legitimate reasons for assigning little weight to Dr. Edward Opoku's opinion as lacking support in the record and conflicting with Santiago's testimony. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (ALJ must assess the supportability of a medical opinion, among other factors (citing 20 C.F.R. § 404.1527(c)(2)-(6)); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (ALJ did not err in discounting a medical opinion based, in part, on the claimant's conflicting testimony).

To be specific, the ALJ discounted Dr. Opoku's opinion as "without substantial support from the other evidence of record, including the objective medical evidence, as discussed above, and the opinion of Dr. Bailey." The "objective medical evidence, as discussed above" included evidence of normal reflexes, sensation, and motor strength. The ALJ also correctly noted that "Dr. Opoku's opinion is not even supported by the claimant's statements. The claimant testified that she could lift between seven and ten pounds, greater than the weight assessed by Doctor Opoku." Dr. Opoku indicated that Santiago could never lift any items, even including items less than ten pounds. Moreover, in a consultative examination in February 2011, Dr. Concepcion Enriquez found Santiago had

tenderness, reduced range of motion, and reduced grip strength, but she also had a negative straight-leg-raise test, no muscle spasms, normal motor strength, normal sensation, normal reflexes, and no signs of radiculopathy.[1]

In finding that the objective medical evidence did not support the degree of limitation assessed by Dr. Opoku, the ALJ reasonably interpreted the record as a whole. *See Molina*, 674 F.3d at 1111 (this court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). *See also Batson,* 359 F.3d at 1195 (the ALJ is responsible for resolving conflicts in the medical testimony).

Santiago's reliance on an MRI of her lumbar spine to support Dr. Opoku's opinion is misplaced because this MRI is not included in the record.

Because the ALJ considered obesity in conjunction with Santiago's other severe impairments and Santiago points to no functional limitations that the ALJ failed to consider, the ALJ did not err by failing to consider the impact of Santiago's obesity. *See Burch v. Barnhart*, 400 F.3d 676, 683-84 (9th Cir. 2005) (ALJ adequately considered obesity where he discussed the medical evidence concerning obesity and the claimant pointed to no functional limitations that the ALJ failed to consider).

---

[1]     Relying on other record evidence, the ALJ found Santiago had severe impairments of degenerative disc disease of the cervical spine with radiculopathy, dysthymia, hypertension, and obesity.

The ALJ proffered specific, clear, and convincing reasons to discredit Santiago's symptom testimony as unsupported by the objective medical evidence and inconsistent with her course of treatment. *See id.* at 681 (ALJ may discount claimant testimony based in part on a lack of corroborating medical evidence); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("evidence of conservative treatment is sufficient to discount a claimant's testimony regarding the severity of an impairment" (internal quotation marks and citation omitted)); *see also* 20 C.F.R. § 404.1529(c)(3) (ALJ may account for the effectiveness of a claimant's medication).

The record refutes (1) Santiago's argument that the ALJ applied an incorrect legal standard in assessing her case, and (2) that the ALJ's decision reflects "nonspecific boilerplate language". We find no such language in ALJ Thompson's thorough and convincing analysis.

Santiago challenges the ALJ's determination at step four that she was capable of performing her past relevant work as a kitchen assistant. Because Santiago has not shown that the ALJ erred earlier in the sequential analysis, this argument lacks support. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

**AFFIRMED.**

15-56304