**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMIN BENDER,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of<br>Social Security,<br><br>    Defendant-Appellee. | No.    18-35817<br><br>D.C. No. 3:16-cv-02118-PK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted December 13, 2019[**]
Seattle, Washington

Before:  HAWKINS and McKEOWN, Circuit Judges, and PRATT,[***] District
Judge.

---

   [*] This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

   [**] The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

   [***]The Honorable Robert W. Pratt, Senior United States District Judge for the
Southern District of Iowa, sitting by designation.

Plaintiff Armin Bender ("Bender") appeals the district court decision affirming the Commissioner of Social Security's ("Commissioner") denial of disability benefits. Reviewing the agency's factfinding for substantial evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), we affirm.

The Administrative Law Judge ("ALJ") performed the five-step sequential analysis and determined that Bender was disabled; that is, that taking into account his age, education, work experience and limitations, Bender cannot engage in any other substantial gainful activity existing in the national economy. 20 C.F.R. § 404.1520(a)(4). However, because there was also evidence of significant drug and alcohol abuse ("DAA"), the ALJ was also required to determine the materiality of DAA to the finding of disability. 20 C.F.R §§ 404.1535(a), 416.935(a).

The "claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability." *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). Here, the ALJ found that the amount of marijuana Bender smoked daily would render him unable to work on a consistent and regular basis and included a limitation in Bender's residual functional capacity that he would be absent from work at least two or three days a month. With such a limitation, the vocational expert opined Bender could not work, but, without such a limitation, the expert opined Bender would be able to find work in the national economy. Therefore, the ALJ

concluded that the DAA was a material contributing factor to his disability, which precluded the award of benefits. 42 U.S.C. § 423 (d)(2)(C).

Our deferential review tells us if the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm. *Hiler v. Astrue*, 687 F.3d 1208, 1211 (9th Cir. 2012). At least one doctor opined it would be difficult for Bender to attend work on a regular basis while using marijuana to the extent he did, which was often several times daily. Doctors also opined the drug use was making Bender's depression and anxiety worsen, or that he had a substance-induced mood disorder. During limited periods of sobriety, Bender did appear to improve and have mild to moderate mental limitations, which were otherwise accounted for in the residual functioning capacity and accommodated by restricting Bender to simple work with minimal social interaction.

The ALJ's determination is supported by substantial evidence, and the agency's decision is therefore **AFFIRMED.**