**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELICA ALBAY, | No. 19-15642 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00146-AC |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Allison Claire, Magistrate Judge, Presiding

Submitted December 8, 2020**
San Francisco, California

Before: LUCERO,*** W. FLETCHER, and IKUTA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Angelica Albay appeals the district court's judgment affirming the Commissioner of Social Security's denial of her application for disability insurance benefits pursuant to Title II of the Social Security Act. She argues that (1) the Administrative Law Judge's (ALJ) findings regarding her mental health were not supported by substantial evidence; (2) the ALJ erred in not finding her disabled under Rule 202.09 of the Medical-Vocational Guidelines; and (3) the ALJ's conclusion that she can perform other work existing in significant numbers in the national economy was improper and not supported by substantial evidence.

The ALJ's conclusions regarding Albay's mental health were supported by substantial evidence. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). It is "more than a mere scintilla," but "may be less than a preponderance." *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012). The ALJ concluded that Albay is capable of work involving simple tasks and limited interaction with others based on the opinions of Dr. Bowerman and Dr. Covey, as well as other medical professionals. Among other mental limitations, Dr. Bowerman found that Albay is only mildly impaired in her ability to carry out simple tasks and moderately impaired in her ability to respond appropriately to co-workers. In her analysis of Dr. Bowerman's findings, Dr.

Covey stated that Albay is not limited in her ability to follow simple instructions and is able to ask simple questions, request assistance, and get along with co-workers. Dr. Covey translated Dr. Bowerman's findings into concrete limitations of Albay's functional capacity, and the ALJ appropriately included those limits in the residual functional capacity. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). The ALJ was justified in relying on this evidence and other medical source evidence in reaching his conclusions. 20 C.F.R. § 404.1527.

The ALJ also did not err in not finding Albay disabled under Rule 202.09 of the Medical-Vocational Guidelines. Rule 202.09 applies to individuals who are (1) rapidly approaching advanced age, (2) illiterate or unable to communicate in English, and (3) have an unskilled work history or no past work experience. 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.09. Albay does not meet the latter two criteria. Regarding the second criterion, there is substantial evidence that Albay's past work required English proficiency, and Albay testified that she was able to communicate in English. Regarding the third criterion, Albay has past skilled work experience as the activities director at a nursing home. Accordingly, Rule 202.09 did not require a finding of disability.

Finally, the ALJ's determination that Albay can perform other work existing in significant numbers in the national economy was proper and supported by

3

substantial evidence.  In determining whether a claimant can perform other work, "the ALJ may rely on the decisional grids listed at 20 C.F.R. Part 404, Subpart P, Appendix 2, or alternatively, the ALJ can present a hypothetical question that describes the claimant's limitations to a [vocational expert]." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1223 n.4 (9th Cir. 2009).  The ALJ properly determined that Albay was not disabled under the grids and relied on the testimony of a vocational expert who stated that a hypothetical individual with Albay's limitations can work as a router, retail marker, or housekeeper.

**AFFIRMED**.