**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 5 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALVATORE SCIANNA, | No. 20-15902 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00830-SMB |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan Brnovich, District Judge, Presiding

Submitted March 3, 2021[**]
Phoenix, Arizona

Before: HAWKINS and BUMATAY, Circuit Judges, and CARDONE,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

Salvatore Scianna appeals the district court's decision affirming the Commissioner of Social Security's finding that he is no longer entitled to Disability Insurance Benefits under the Social Security Act. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We review the district court's order affirming the denial of social security benefits by the administrative law judge ("ALJ") de novo and reverse only if the ALJ's decision was not supported by substantial evidence or is based on legal error. *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). We affirm.

1. Substantial evidence supports the ALJ's weighing of the medical opinion evidence. The ALJ found that Dr. Purcell's opinion was inconsistent with the medical evidence on record. The ALJ noted that Dr. Purcell's opinion was discordant with the observations of Dr. Gomez, Dr. Purcell's own observations, and the results of an electrodiagnostic ("EMG") study. For example, Dr. Purcell opined that Scianna was "totally disabled," but Dr. Gomez's examination revealed no spinal deformity and a full and painless range of motion in all but one extremity. Additionally, the EMG demonstrated no evidence of nerve damage to his injured leg. Dr. Purcell himself diagnosed no instability in Scianna's knee, ankle, or patella,

and only mild pain associated with his right patella. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that incongruity between a doctor's opinion and the medical record provides a "specific and legitimate reason[] for rejecting" the doctor's opinion).

The ALJ also had ample reason to credit the opinions of Drs. Goodrich and Gomez. "Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). For example, the ALJ found the opinion of Dr. Goodrich, who concluded that Scianna could perform light work, was more consistent with the medical record, including his minimal treatment history and daily activities. *See* 20 C.F.R. § 404.1527(c)(4)[1] ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.").

2. Substantial evidence supports the ALJ's "specific, clear and convincing reasons" for discounting Scianna's own testimony on his limitations. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*, 572 F.3d

---

[1] The Commissioner published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence" on January 18, 2017. 82 Fed. Reg. 5844. These rules became effective on March 27, 2017 and do not apply to the present case, the decision in which was issued by the ALJ on January 25, 2017.

586, 591 (9th Cir. 2009). The ALJ noted the contradictions between Scianna's testimony and the objective medical evidence in the record. For example, while Scianna claimed limited mobility in *both* legs, Dr. Gomez's findings showed a normal range of motion in the left leg and normal strength in all but the right leg which showed "only 4/5 strength to the right knee flexion and only 4/5 strength to right ankle dorsiflexion and plantar flexion." *See Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Additionally, the ALJ noted Scianna's scant treatment record included no treatment history between 2014 and 2017. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). Despite Scianna's claims to limited daily activity, the evidence showed that he is able to attend to his personal care needs, drive a car, keep medical appointments, swim, and exercise by walking thirty to forty-five minutes at a time. *Molina*, 674 F.3d at 1112 (In evaluating the disability claimant's testimony, an ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." (quoting *Lingenfelter v. Astrue*, 504 F.3d. 1028, 1040 (9th Cir. 2007)).

**AFFIRMED.**

4