NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROGER ALAN GAUTHIER, | No.    18-17052 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00790-KJN |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Submitted April 23, 2021**

Before: GOODWIN, SILVERMAN, and BRESS, Circuit Judges.

Roger Alan Gauthier appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Gauthier's application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v.*

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The ALJ provided specific and legitimate reasons for discounting the opinions of Dr. Blosser. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). The ALJ discounted the opinions of Dr. Blosser because they were not supported by the medical record and relied heavily on Gauthier's subjective complaints. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." (quoting *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (an ALJ need not accept an opinion that is "inadequately supported by clinical findings").

Substantial evidence supports the ALJ's decision to give greater weight to the opinions of two state agency reviewing physicians and an examining physician. *See id.* ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (an examining physician's "opinion alone constitutes substantial evidence, because it rests on his own independent examination" of the claimant).

The ALJ did not err in failing to specifically reference the August 2014 venous ultrasound study. The ALJ did reference Dr. Rill's September 5, 2014 office note, which mentions the venous ultrasound and specifically discussed portions of the September 5, 2014 note concerning the cardiac ultrasound and the nuclear stress test. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (the ALJ must interpret the medical evidence and discuss significant probative evidence, but is not required to discuss every medical record).

The ALJ gave specific, clear, and convincing reasons for discounting Gauthier's testimony regarding the severity of his symptoms, including that it was not supported by the objective medical record and that his course of treatment was conservative. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (evidence of conservative treatment is sufficient to discount a claimant's testimony regarding the severity of an impairment); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Any error in the ALJ's additional reasoning was harmless. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

The ALJ properly gave germane reasons for discounting the opinion of Gauthier's neighbor, Ms. Nelson. The ALJ found her statement inconsistent with

3

the medical evidence and discounted it for the same reasons it discounted Gauthier's similar testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (where the ALJ gave clear and convincing reasons for rejecting the claimant's own subjective complaints, and the lay witness's testimony was similar, it follows that the ALJ also gave germane reasons for rejecting the lay witness's testimony).

The ALJ's determination of residual functional capacity ("RFC") was supported by substantial evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("We will affirm the ALJ's determination of . . . RFC if the ALJ applied the proper legal standard and his decision is supported by substantial evidence.").

As to Gauthier's argument that the hypothetical question posed to the vocational expert did not incorporate all his limitations, the ALJ is not required to incorporate opinion evidence that was permissibly discounted. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). Additionally, at Step 5 the government can carry its burden through use of the Guidelines or through vocational expert testimony. *See Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The ALJ found Gauthier could perform a full range of light work and that the Medical-Vocational Guidelines directed a finding of not disabled. The

vocational expert also identified three specific light work positions that Gauthier could perform.

**AFFIRMED**.