**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT E. ROSCIOLI,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

Defendant-Appellee.

No.    21-15145

D.C. No. 5:19-cv-03894-VKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Virginia K. DeMarchi, Magistrate Judge, Presiding

Submitted December 9, 2021[**]
San Francisco, California

Before:  MURGUIA, Chief Judge, IKUTA, and VANDYKE, Circuit Judges.

Robert Roscioli appeals the district court's decision affirming the Social

Security Commissioner's denial of Roscioli's disability claim.  We have

jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

So long as substantial evidence supports an ALJ's conclusion, even if the record supports more than one rational interpretation of the evidence, "it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Here, substantial evidence—including medical opinion evidence—supports the ALJ's conclusion that Roscioli's alleged mental impairments were not severe. Although the ALJ made a clerical error in describing Roscioli's limitations as both "mild" and "moderate," in context, the ALJ clearly intended to classify Roscioli's limitations as "mild," and this court "may affirm the ALJ's decision even if the ALJ made an error, so long as the error was harmless." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

The ALJ gave specific, clear, and convincing reasons for rejecting Roscioli's testimony about the severity of his symptoms. Namely, the ALJ explained Roscioli's testimony was contradicted by (1) objective medical evidence, *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001), (2) Roscioli's ability to play videogames, *see Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021), and (3) the fact that Roscioli had not received "the type of medical treatment one would expect for a totally disabled individual," as Roscioli impliedly claimed himself to be, *see Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). Further, because Roscioli largely failed to provide testimony regarding his specific functional

limitations, but instead stated that his impairments left him unable to do "[e]verything" he would normally do, any error by the ALJ in failing to further specify the testimony he found not credible was harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

Because the ALJ provided specific, clear, and convincing reasons for rejecting Roscioli's subjective complaints, and because the testimony of Roscioli's girlfriend, Victoria Cardenas (a lay witness) was similar to such complaints, "it follows that the ALJ also gave germane reasons for rejecting [Cardenas's] testimony." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). In sum, (1) substantial evidence supports the ALJ's finding that Roscioli's mental impairments were not severe, (2) the ALJ provided specific, clear, and convincing reasons to discount Roscioli's testimony, and (3) the ALJ provided germane reasons to discount Cardenas's testimony.

**AFFIRMED.**