NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAROL TURNER, | No.   21-15462 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02222-DMC |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis M. Cota, Magistrate Judge, Presiding

Submitted May 12, 2022**
San Francisco, California

Before:  O'SCANNLAIN and BUMATAY, Circuit Judges, and BAKER,***
International Trade Judge.

Carol  Turner  appeals  from  the  district  court's  order  affirming  the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Commissioner of Social Security's denial of disability insurance benefits. "We review the district court's order affirming the [Administrative Law Judge]'s denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (simplified). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     Turner argues that the ALJ improperly gave "little weight" to the opinion of Thomas Sterling, LCSW, Turner's therapist. But the ALJ's weighing decision was supported by substantial evidence.

The ALJ noted that Sterling's letter stated that Turner was "unable to work." But that opinion, the ALJ said, went to the ultimate issue of disability, which is a question "reserved to the Commissioner." 20 C.F.R. § 404.1527(d). And Turner's argument that the ALJ could not have discounted the opinion on that basis alone is unpersuasive. Sterling's letter is not considered acceptable medical evidence, and so the ALJ only needed to provide "germane" reasons for discounting the opinion of a non-medical source. *See* 20 C.F.R. § 404.1502(a)(1)–(8) (social worker not listed as an acceptable medical source); *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017). The ALJ gave such a germane reason by recognizing that Sterling's conclusory opinion went to the ultimate issue, which is a question reserved for the Commissioner.

2. Turner similarly argues that the ALJ improperly gave "little weight" to the opinion of Katherine Wagner, NP, Turner's treating nurse practitioner. But again, the ALJ's determination was supported by substantial evidence.

Wagner's "check-the-box" opinion indicated that Turner suffered from severe mental limitations. And the ALJ discounted the assessment because it was not supported by mental status examination findings and was inconsistent with other evidence in the record. Indeed, Wagner's assessment was inconsistent with her own progress notes, which reflected routine outpatient care and no specific limitations or restrictions based on Turner's mental abilities. Other evidence in the record also showed that Turner received routine outpatient care and had relatively stable mental functions. As we have said, "the ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (simplified).

3. Turner also contends that the ALJ erred in discounting her testimony on her physical limitations. The ALJ concluded that "[w]hile the medical evidence of record establishes that such conditions and symptoms are present, the record as a whole does not fully corroborate the disabling severity of symptoms and degree of limitation alleged herein." On the record, the ALJ's determination is supported by substantial evidence.

The ALJ noted a lack of objective medical support for Turner's allegations of

total disability. For example, while Turner claimed disabling back and leg pain, the evidence showed no atrophy and no significant abnormalities. And while we have held that a lack of medical evidence may not be the sole basis for discounting a claimant's testimony, "it is a factor that the ALJ can consider." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ also explained that Turner received conservative treatment, such as prescription medications and physical therapy. And the ALJ noted that Turner experienced improvement through her treatment. Such reasons are sufficient to discount a claimant's testimony. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ also pointed-out that Turner's physical therapy terminated because she failed to schedule her last session, and she then declined another physical therapy referral. *See Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).

4.      Turner finally argues that the ALJ erred in giving only "some weight" to the lay witness testimony of her daughter Merando Ditto. While an ALJ may not reject lay testimony simply because the witness is a family member and a third-party observer of the claimant, *see Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996), an ALJ may discount lay testimony that is based on the same evidence offered by the claimant and discounted or rejected by the ALJ. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that because the ALJ

properly rejected claimant's subjective complaints, and the lay testimony was similar to those complaints, "it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony"); *see also Molina*, 674 F.3d at 1122.

Here, Ditto's testimony was consistent with Turner's, and so the ALJ did not err in discounting Ditto's testimony since it had already discounted Turner's testimony based on similar evidence. And even if the ALJ committed an error in discounting Ditto's testimony based on her status as a third-party observer and her relationship with Turner, that error was harmless on the record. The ALJ's decision is thus supported by substantial evidence.

**AFFIRMED.**