NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAY 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARIC W. MCGARY, | No. 22-55454 |
| Plaintiff-Appellant, | D.C. No. 8:20-cv-01060-JPR |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jean Rosenbluth, Magistrate Judge, Presiding

Submitted May 12, 2023[**]
Pasadena, California

Before: HURWITZ and R. NELSON, Circuit Judges, and KANE,[***] District Judge.

Aric McGary appeals a district court judgment affirming the denial of his

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

application for Social Security disability benefits. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review the district court's decision de novo. *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). However, the ALJ's decision should be upheld unless it "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

1. The ALJ's rejection of McGary's testimony was supported by "specific, clear and convincing reasons," *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)), including that McGary received relief from treatment and could independently perform daily activities. Even assuming that opioids are not "conservative" treatment, *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007), McGary also took other medication, and the relief he experienced after other treatment supports the ALJ's conclusion that his back pain was not as severe as he claimed, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). Moreover, McGary's daily activities support the ALJ's decision. *See Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005).[1]

---

[1] The ALJ's failure to address McGary's phantom leg pain was harmless. The only functional limitation caused by that pain alone was that McGary had to lie down "monthly" because treatment did not help.

2.  Because the ALJ's rejection of McGary's subjective symptom testimony was not erroneous, neither was the rejection of his father's testimony, which mirrored McGary's. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

3.  The ALJ's rejection of Dr. Gulaya's opinion was supported by substantial evidence. Although Dr. Gulaya opined that McGary's anxiety and depression affected "his ability for sustained concentration" and limited "his energy/motivation to do regular work," Dr. Brawer opined that McGary's "thinking was organized and goal-directed" and that he "demonstrated adequate attention span." "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

4.  The ALJ did not fail to address McGary's mental impairments. The ALJ's acceptance of Dr. Brawer's opinion was supported by substantial evidence, and that opinion contradicted Dr. Moura's conclusion that McGary was limited to tasks involving "simple/detailed 1-3 steps," and Dr. Brodeske's similar findings.

**AFFIRMED**.

3