NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 2 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JACK DAVIDSON,

        Plaintiff - Appellant,

  v.

LELAND DUDEK, Acting Commissioner
of Social Security,

        Defendant - Appellee.

No. 24-4239

D.C. No.
2:23-cv-01870-DMC

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Dennis M. Cota, Magistrate Judge, Presiding

Submitted March 31, 2025**
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Jack Davidson appeals a district court judgment affirming a decision of the

Social Security Commissioner denying an application for disability insurance

benefits. Exercising jurisdiction under 28 U.S.C. § 1291 and reviewing de novo, *see*

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*White v. Kijakazi*, 44 F.4th 828, 833 (9th Cir. 2022), we affirm.

1.    Having determined that the objective evidence of Davidson's ailments reasonably could have caused his symptoms, the Administrative Law Judge ("ALJ") could reject Davidson's "testimony regarding the severity of [his] symptoms only" by providing "clear and convincing reasons for doing so." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (cleaned up).

The ALJ relied in part on Davidson's daily activities in rejecting his subjective testimony. Davidson testified that he took care of his granddaughter and could do household chores for "about five, ten minutes at the most" before having to sit down for "five minutes." Because these activities do not comprise "a substantial part of" Davidson's day and are not "transferrable to a work setting," they are not a clear and convincing reason for rejecting his subjective symptom testimony. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("[C]ompleting basic chores, sometimes with the help of a friend, and attending occasional social events, do not contradict [claimant's] testimony.").

This error does not require reversal, however, because substantial evidence supports the ALJ's other basis for rejecting the subjective symptom testimony— Davidson's failure to receive treatment or follow medical guidance consistent with that testimony. *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th

Cir. 2004) (upholding a credibility determination although one of the ALJ's reasons was invalid). That Davidson's pain "was not severe enough to motivate [him] to seek" additional treatment "is powerful evidence regarding the extent" of his ailment, *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (cleaned up), and a sufficient reason on its own to reject his testimony, *see Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

While Davidson argues he did seek and receive some treatment and attempts to explain his failure to seek additional treatment, substantial evidence supports the ALJ's conclusion that Davidson's failure to receive treatment or follow medical advice was inconsistent with the claimed severity of his ailments. The ALJ acknowledged that Davidson had been prescribed and taken various medications, "which weighs in [his] favor." But once Davidson weaned off those medications, he "was not agreeable to the plan of care," and "denied all workup and management options."

While Davidson now argues he had "a good reason for not seeking more aggressive treatment," because he lives in a remote area, cannot drive, and the COVID-19 pandemic made it harder to get treatment, he admitted that he did not stop driving until *after* his last date of disability insurance. Moreover, by 2020, Davidson had moved near a Veterans' Affairs medical center. And while COVID-

19 certainly presented challenges, Davidson successfully obtained remote healthcare during the pandemic.[1]

Finally, Davidson argues that the ALJ did not speak with the requisite particularity when explaining his reasons for rejecting Davidson's testimony. But the ALJ's reasoning was sufficient to "ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015) (finding the ALJ failed to provide "specific, clear, and convincing reasons for" rejecting subjective testimony "by simply reciting the medical evidence in support of his or her residual functional capacity [("RFC")] determination").

2. A hypothetical to a vocational expert "must include all of the claimant's functional limitations." *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (cleaned up). Davidson argues the ALJ erred in posing hypotheticals based on an RFC that discounted his subjective testimony. This argument rises or falls on whether the ALJ properly rejected Davidson's subjective testimony. Because we

---

[1] Davidson faults the ALJ for relying on the fact that medication helped alleviate his diabetic symptoms, arguing that "control of diabetes rarely reverses peripheral neuropathy," which he claimed as an ailment. But the ALJ did not suggest that control of Davidson's diabetes had any impact on his peripheral neuropathy.

The parties also dispute whether Davidson's cane was medically necessary as there was no prescription for it. But as Davidson acknowledges, the ALJ did not rely on whether the cane was medically required in rejecting Davidson's subjective symptom testimony.

find the ALJ did not err in discrediting Davidson's subjective testimony, we reject this claim. *See Kitchen v. Kijakazi*, 82 F.4th 732, 742 (9th Cir. 2023).

**AFFIRMED.**