NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRENNA S. TRAPP, | No. 24-4615 |
| Plaintiff - Appellant, | D.C. No. 4:23-cv-00073-JTJ |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
John T. Johnston, Magistrate Judge, Presiding

Submitted May 13, 2025[**]
San Francisco, California

Before: McKEOWN and DE ALBA, Circuit Judges, and BENNETT, District Judge.[***]

Trenna S. Trapp ("Trapp") appeals the district court's order affirming an

administrative law judge's ("ALJ") denial of her application for disability

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

insurance benefits.  In her appeal, Trapp argues that the ALJ erred by failing to consider the severity of her medical issues when determining her residual functional capacity ("RFC"), discounting her testimony, and discounting the opinion of one of her medical providers.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291.  "We review the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)) (quotation marks omitted).  "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  We affirm the district court.

1.     "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and must be more than a mere scintilla, but may be less than a preponderance." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted).  "Overall, the standard of review is highly deferential." *Id.* (citation and quotation marks omitted).  Here, the ALJ's conclusion about Trapp's RFC is

---

[1]     Trapp's remaining claims are either derivative or waived.  Therefore, we do not address them.

supported by substantial evidence. The ALJ determined that Trapp's digestive issues did not warrant a more restrictive RFC because her symptoms improved with treatment. The ALJ relied upon numerous medical reports which documented that Trapp's digestive issues were "reasonably controlled with medication and diet modification." Though the treatment may not have fully cured Trapp, the ALJ considered Trapp's ongoing issues when determining her RFC.

2.      If a claimant presents objective medical evidence of an impairment that could be expected to produce the symptoms alleged, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (quoting *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir.1996)). "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Moreover, "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)).

The ALJ gave specific, clear, and convincing reasons for discounting Trapp's testimony. Trapp testified that her digestive issues have not improved since the date that she stopped engaging in substantial gainful activity. Her testimony is belied by her medical record, which shows that Trapp's digestive issues improved with "medication and diet modification." Additionally, Trapp's treatment plan was conservative. The ALJ noted each of these reasons when discounting Trapp's testimony. Therefore, the ALJ did not err.

3. "[A]n ALJ's decision . . . to discredit any medical opinion, must simply be supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). An ALJ must consider several factors when evaluating the persuasiveness of a medical opinion, including whether the opinion is supported by objective medical evidence and consistent with evidence from other sources. 20 C.F.R. § 404.1520c(c). Here, the ALJ found Dr. Mark Mozer's report to be unpersuasive due to his decision not to perform a physical exam or review Trapp's complete medical record. The ALJ also noted that Dr. Mozer's report was inconsistent with the medical evidence, Trapp's own statements, and Trapp's conservative treatment history. The ALJ did not err by giving little weight to his opinion.

**AFFIRMED.**

24-4615